### JOHN D. MARCH v. A. C. MARCH'S ASSIGNEE.

**Fraudulent Conveyance of Real Estate.**

> A deed in consideration of love and affection from the father to the son is fraudulent as to pre-existing debts.

**Petition to Set Aside Conveyance.**

> It is not enough to allege in a petition to set aside a conveyance that the consideration for such conveyance was love and affection, and that the grantor was indebted at the time, but the amount and manner of indebtedness and to whom, and that it was unpaid when the petition was filed, must be alleged.

### APPEALS FROM BOURBON CIRCUIT COURT.

May 4, 1880.

OPINION BY JUDGE PRYOR:

These cases will be considered together. If the want of diligence manifested in this case is permitted to be relied on as an excuse for not making the defense now made there would be no end to litigation. Counsel and client must both be presumed to know when the term of court is to be held at which the case is to be tried, and a want of, or recollection as to such a fact can afford no excuse whatever.

The one may have been relying upon the other; still, both are in fault in not knowing when the appearance of the defendant is to

be made. If this precedent is established the want of recollection as to the day on which the case is to be tried would be ground for an injunction, or an absence of recollection as to any particular fact favorable to the party against whom a judgment has been rendered. The failure to know or remember the court in which the action is pending shows a degree of laches that will prevent relief. That the assignee in bankruptcy can maintain an action in the state court to annul the conveyance, if fraudulent, admits of no doubt, but the question in this case is, Does the petition on the facts alleged present a cause of action?

A deed in consideration of love and affection from the father to the son is fraudulent as to pre-existing debts, and if the allegations of the petition are sufficient as to the indebtedness the judgment by default was proper. There is no allegation of the existence of any debt by the grantor at the date of the filing of the petition, and how the chancellor is to sell the land without knowing what debt it is to be sold to satisfy cannot well be understood. That he was indebted at the time of the conveyance may be true, and still these debts may have been satisfied. But to whom he was indebted and in what amount the petition is silent, and the chancellor left to grant relief by a sale of the land without any evidence of the existence of a single debt, or its amount.

There is no reason why the assignee for creditors should be given a greater latitude in pleading than the creditor himself. If a creditor of the bankrupt had sued alleging the voluntary conveyance by the latter, and that the grantor was indebted at the time to the plaintiff, without alleging amount and manner of indebtedness and that it was unpaid, no judgment by default could be rendered selling the land, as neither the amount of the indebtedness or its existence appears on the face of the petition. This conveyance, if debts existed at the time, may have been fraudulent as to them, and not to debts subsequently made. To allege simply an indebtedness and fraud to avoid payment without anything more will not authorize a recovery.

Judgment in case No. 1 is *reversed,* and in case No. 2 is *affirmed,* and cause remanded for further proceedings.

*Ross & Kennedy, for appellant.   T. T. Foreman, for appellee.*